NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
POONAM G. KUMAR (Cal. Bar No. 270802)
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
ROGER A. HSIEH (Cal. Bar No. 294195)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0719/4849/0600
     Facsimile: (213) 894-6269
     E-mail:    poonam.kumar@usdoj.gov
                eddie.jauregui@usdoj.gov
                roger.hsieh@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 19-282-RGK |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER SUSPENDING THE ACCRUAL OF SANCTIONS; DECLARATION OF EDDIE A. JAUREGUI |
| v. | |
| ZHONGTIAN LIU ET AL., | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Roger A. Hsieh, Poonam G. Kumar, and Eddie A. Jauregui, hereby files its opposition to defendants Perfectus Aluminium Inc., also known as "Perfectus Aluminum Inc.," Perfectus Aluminum Acquisitions LLC, Scuderia Development LLC, 1001 Doubleday LLC, Von Karman-Main Street LLC, and 10681 Production Avenue LLC's ex parte Application for an Order

Suspending the Accrual of Sanctions After March 19, 2020 (the "ex parte").

This opposition is based upon the attached memorandum of points and authorities, the declaration of AUSA Eddie A. Jauregui, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 26, 2020          Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

   /s/ *Roger A. Hsieh*
ROGER A. HSIEH
POONAM G. KUMAR
EDDIE A. JAUREGUI
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

On July 31, 2019, the government unsealed an indictment against seven corporate defendants and three individuals alleging, among other things, conspiracy to evade payment of customs duties of over $1.8 billion to the United States, wire fraud, and international money laundering. Six of the corporate defendants – Perfectus Aluminium Inc., also known as "Perfectus Aluminum Inc.," Perfectus Aluminum Acquisitions LLC, Scuderia Development LLC, 1001 Doubleday LLC, Von Karman-Main Street LLC, and 10681 Production Avenue LLC (collectively "defendants") – were properly served with summonses and advised of their initial appearance dates in this District Court and refused to appear. (See Dkts. 59, 64.) As a result of defendants' decision to willfully disregard the summonses and fail to appear at their initial appearances, this Court imposed civil contempt sanctions on these fugitive defendants (id.); the sanctions have run for over five months and, as of last week, totaled more than $4.6 million. Although their counsel were in contact with the government and were aware of their clients' decision to ignore the Court's orders, the fugitive defendants chose to appear and litigate related civil forfeiture actions before the Hon. Dolly M. Gee.[1] One day

---

[1] In 2017, the government brought civil forfeiture complaints against the aluminum products and warehouses used to store aluminum products that are at issue in this case (the "Civil Forfeiture Matters"). The defendants moved to dismiss the complaints. (See 17-CV-1592-DMG, Dkt. 14; 17-CV-1872-DMG, Dkt. 14; 17-CV-1873-DMG, Dkt. 14; 17-CV-1875-DMG, Dkt. 13.) Last year, the four non-Perfectus entities retained Stephen Larson and Hilary Potashner to represent them in the Civil Forfeiture Matters. (See 17-CV-1592-DMG, Dkts. 46, 48; 17-CV-1872-DMG, Dkts. 54, 55; 17-CV-1873-DMG, Dkts. 46, 47; 17-CV-1875-DMG, Dkts. 45-46.)

after the Hon. Dolly M. Gee issued an order adverse to these defendants, counsel for the defendants contacted the government indicating that his clients intended to appear in the criminal case.[2] Thereafter, counsel filed electronic notices of appearance on the docket on March 18, 2020 and March 19, 2020. (See Dkts. 81-84.)

After refusing to appear for the past seven months, defendants now seek to amend this Court's earlier sanctions orders and immediately suspend the contempt sanctions. This Court's Orders, issued on September 19 and October 7, 2019, state that the sanctions shall cease only upon defendants scheduling and appearing before the Court for arraignment. Without having been arraigned, defendants now argue for immediate suspension based on "the Court's response to the Coronavirus Disease 2019 (COVID-19) and other practical limitations resulting from the pandemic." (Dkt. 86 at 3 (internal citation omitted).)[3] The application should be denied as there is nothing preventing defendants from being arraigned – whether in-person or telephonically. Indeed, the government has told defendants it is available for an initial appearance and arraignment on any date. Accordingly, there is no reason – and certainly no good cause – to suspend the sanctions at this time.

//
//
//

---

[2] Attorney Robert Ruyak represents the Perfectus defendants in this criminal matter, while the remaining four defendants are represented by the Larson O'Brien firm. However, Mr. Ruyak has indicated to the government that he was calling on behalf of all defendants. Accordingly, unless otherwise noted, "defendants' counsel" refers to Mr. Ruyak.

[3] The number following a "Dkt. __ at" citation refers to the ECF page number at the top of the filed document.

## II. PROCEDURAL HISTORY

### A. Defendants Refuse to Appear for Initial Appearance in the Criminal Matter and are Held in Contempt

On July 31, 2019, the indictment in this case was unsealed, and the government subsequently served summonses for an August 26, 2019, initial appearance date on defendants. (See Dkt. 52 at 5-6.) Prior to this initial appearance date, defendants' counsel acknowledged the summons date, but notified the government that he "was not authorized to enter an appearance or attend the initial appearance." (Id.) Thereafter, defendants chose to willfully disregard the summonses issued by the Court. (See Dkts. 44, 46-50.) This Court then imposed daily civil contempt sanctions against defendants on September 19 and October 7, 2019. (See Dkts. 59, 64.) The orders imposed daily civil contempt sanctions of $2,000 per defendant and increased the daily sanctions to $4,000 per defendant after four weeks. (See Dkts. 59 at 3; 64 at 3.) On February 9, 2020, the Court increased the daily sanctions to $8,000 per defendant. (Dkt. 71.) The Court's orders were unambiguous: the sanctions would continue to accrue daily until defendants "schedule and appear before the Court for arraignment on the indictment." (Dkts. 59 at 3; 64 at 3 (emphasis added).) On March 6, 2020, the Court granted a request for interim judgment against defendants in an amount exceeding $2.6 million. (Dkt. 74.)

### B. After Months of Willfully Disregarding This Court's Orders, Defendants Seek To Enter the Criminal Case

As the sanctions accrued and this Court issued orders increasing the sanctions, defendants chose to litigate the Civil Forfeiture Matters before the Hon. Dolly M. Gee. On March 11, 2020, Judge Gee issued an order granting the government's motions to strike

3

defendants' claims and denying defendants' motions to dismiss in the Civil Forfeiture Matters. (See e.g., 17-CV-1592-DMG, Dkt. 56.) The Court held that defendants were fugitives in the criminal matter (citing this Court's civil contempt orders) and therefore could not challenge the government's claims in the Civil Forfeiture Matters. (See e.g., id. at 13-15.) By the date of Judge Gee's order, defendants had chosen to disregard their obligation to appear in the criminal matter for nearly seven months. Less than a week later, defendants' counsel filed electronic notices of appearance in this criminal case. (Dkts. 81-84.) Defendants now seek to stay any future rulings in the Civil Forfeiture Matters because of their electronic notices of appearance in the criminal case. (See e.g., 17-CV-1595-DMG, Dkt. 58.)

On or about Friday March 20, 2020, defendants' counsel called the government to inquire whether the government would agree to stipulate to the suspension of sanctions prior to defendants' arraignment based on counsel's notices of appearances filed in the case and the COVID-19 virus. (Jauregui Decl. ¶ 2.) That afternoon, defendants' counsel sent the government a proposed stipulation. (Id.) The following Monday morning, defendants' counsel sent the government a revised stipulation and proposed order. (Id.) In subsequent calls on Monday and Tuesday, the government asked counsel whether defendants intended to pay the outstanding sanctions or intended to make a definitive statement as to when such a payment could be made. (Id. ¶ 3.) The government informed counsel that such a representation was appropriate given the length of time defendants had disregarded this Court's orders and the significant amount of accrued sanctions. The government notified counsel that, without

4

such a representation, the government would oppose defendants' request to amend the Court's sanctions order. (Id.) Defendants have stated they did not intend to make any representation regarding payment of the outstanding sanctions. Furthermore, the government notified counsel that the Court continued to hold initial appearances and arraignments and that the government would make itself available on any date. (Id. ¶ 5.) In order to accommodate any concerns regarding COVID-19, the government presented defendants with the option of a telephonic appearance, stated its willingness to consent to such an appearance and to facilitate the scheduling of one on any date convenient to defendants. (Id.) Defendants' counsel informed the government that, in addition to practical difficulties related to COVID-19,[4] time was needed to collect paperwork in advance of the appearance.[5] (Id.) Ultimately, defendants requested an initial appearance on April 20, 2020, and the government will continue to take all steps to facilitate that date. However, it is defendants' decision to delay the initial appearance to April 20, 2020. (Id.) After the government reiterated its availability for an appearance on any date chosen by defendants, defendants filed the instant ex parte.

**III. DEFENDANTS' EX PARTE APPLICATION SHOULD BE DENIED**

Defendants' general claim that the COVID-19 virus prevents them from making an initial appearance (Dkt. 86 at 8) is incorrect. First, the Court's General Order 20-042 makes clear that in-person

---

[4] Other than the inability to travel – which has been accommodated by agreement with a telephonic appearance – defendants' counsel has not identified any other practical limitations stemming from COVID-19.

[5] The government alerted counsel that, at the initial appearance, the Court will request documents demonstrating that counsel is authorized to enter an appearance and plea at arraignment since no corporate representative intends to personally appear.

5

criminal duty matters continue, notwithstanding the courthouse closures due to the COVID-19 emergency situation. Indeed, nearly every day this week and last, defendants have appeared with their counsel for initial appearances and arraignments before a duty magistrate judge, with a prosecutor present. There is nothing precluding defendants from doing the same. Second, as noted above, the government has offered to proceed with defendants' initial appearances and arraignments by telephone or video-conference with appropriate waivers by defendants. If defendants want to "suspend" the accrual of sanctions in this case, they can do so immediately by scheduling an initial appearance date <u>and appearing</u>, either in person or remotely by telephone or video. The Court's orders are clear that defendants must "schedule <u>and appear</u> before the Court for arraignment on the indictment" before the sanctions are terminated. (<u>See</u> Dkts. 59 at 3; 64 at 3 (emphasis added).) Nothing prevented defendants from doing so in August 2019 and nothing prevents defendant from doing so now.

While the government understands defendants' desire to suspend sanctions immediately - they are accruing at a rapid rate – defendants have failed to show cause why they should be suspended. While counsel states that the defense is "cooperating" with the government to appear via telephone on April 20, 2020, this date was chosen by the defense and the government repeatedly noted that it was available that day, or any date prior, including any date this week. It has been defendants' choice for the past seven months to disregard this Court's order and fail to appear and it is defendants' choice now to delay their initial appearances and arraignments. This is a "crisis" of their own making and any argument that defendants'

6

failure to appear for arraignment is out of their control is meritless.[6]

Finally, the government notes that defendants have not paid nor committed to a payment schedule for the more than $4.6 million in accrued sanctions. Defendants' willful disregard of the Court's orders and failure to appear suggest that defendants will not pay the civil contempt sanctions until they are forced to do so. To the extent the Court is even considering granting defendants' ex parte application – which it should not – the Court should require a full payment of the sanctions accrued through March 19, 2020, before suspending any other sanctions.

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendants' ex parte Application for an Order Suspending the Accrual of Sanctions.

---

[6] In moving for ex parte relief, it is defendants' burden to establish that defendants are without fault in creating the crisis that requires ex parte relief. Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Defendants have failed to do so.

7