# EXHIBIT A

# DECLARATION OF XIANG CHUN SHAO
## On Behalf of Perfectus Aluminum, Inc.

I, XIANG CHUN SHAO, declare and state as follows:

1. I have personal knowledge of the facts and matters set forth herein and if called to testify, I would competently testify as follows.

2. In early 2016, I was appointed manager of Perfectus Aluminum, Inc. ("Perfectus"), a California company, to oversee its export program. As such I am fully familiar with the facts recounted herein and am the authorized representative of Perfectus. I submit this declaration in support of the petition filed by Perfectus in this action, In Re Seizure Of Containers Of Aluminum Pallets Detained At Long Beach Port, and in support of Perfectus' Rule 41(g) motion.

3. I reside in California and manage Perfectus' export program from California. Perfectus is in the business of purchasing and distributing aluminum products, and conducts its operations out of its headquarters located in Ontario, California.

4. In mid-September 2016, Perfectus arranged for export of 569 containers of aluminum pallets, which are finished products, along with 147 containers of alloyed aluminum profiles, for a total of 716 shipping containers. These products had been imported into the United States between 2012 and 2014 by Perfectus predecessor entities. The predecessor entities and Perfectus originally intended to sell or lease the pallets in the United States. Due to changes in market conditions and an unsuccessful marketing strategy, however, none of the pallets were sold or leased here. In 2016, Perfectus made a business decision to export the pallets to Vietnam.

5. After the pallets were placed in containers on the loading dock at Long Beach, the containers were detained dockside by the U.S. Customs and Border Protection agency ("CBP"). The CBP detention was effected through a "customs hold for exam" notice provided to the carrier, which directed the carrier not to load or to export the freight. A copy of the Customs hold notice, with the heading "Detention,"

Booking No. CMP-1600048, and dated September 19, 2016 is attached hereto and incorporated herein as Exhibit A.

6. Thereafter, I was interviewed by CBP Agent John Chopp, and fully cooperated with his inquiry. Agent Chopp served Perfectus with a Section 1509 Summons, issued by the Department of Homeland Security pursuant to 19 U.S.C. § 1509 and dated September 21, 2016. I oversaw Perfectus' response to this summons. Perfectus provided all documentation requested, including documentation related to the aluminum pallets in the containers detained by CBP.

7. CBP later returned all of Perfectus' records and documentation. It raised no objection or issue concerning this documentation.

8. Around that same time, in early October 2016, Agent Chopp told me that the Perfectus shipment should be released "soon." He said he understood that the detention of the containers at the port created a serious issue for Long Beach Port and Perfectus.

9. Shortly thereafter, CBP notified Perfectus that it had inspected the containers and tested samples of the aluminum pallets. On or around early November 2016, CBP released 164 of the containers – 22 containers of pallets, and 142 containers of alloyed aluminum profiles – which, after release, were exported from the country. Based on information provided by shipping carrier personnel, it is my understanding that CBP had broken and replaced seals on only 14 of the 164 containers, suggesting that CBP released these containers based on a physical inspection of only 10% of them.

10. After this release, the DHS issued formal Detention Notice and Receipt of Custody forms, dated November 9, 2016, concerning the remaining 552 containers (copy attached as Exhibit B). The notice indicates that DHS is conducting "lab analysis and visual inspection" of the detained aluminum products.

11. These containers are still being detained, without any explanation, even though CBP has permitted the export of numerous other Perfectus containers of

aluminum pallets. In this same year, CBP permitted 6,337 Perfectus containers with aluminum pallets to be exported. In fact, in addition to the release of 22 containers from Long Beach in November, earlier this month, CBP briefly detained and then released 31 Perfectus containers at the Baltimore port that contained the same type of aluminum pallets as are currently still being detained without explanation by CBP at Long Beach.

12. I am unaware of any legitimate reason for CBP or any government agency to detain the remaining 547 containers of aluminum pallets and 5 containers of alloyed aluminum profiles at the Long Beach port.

13. The demurrage and dockside storage costs have been significant and they continue to accrue. The value of the goods is approximately $25 million. Due to the detention of the containers, Perfectus has incurred over $3 million in demurrage and storage fees to date. In addition, the storage and demurrage fees accrue daily, currently at the rate of $43,270, which represents a discounted rate Perfectus negotiated with the carrier. In the absence of this discount, the costs would be close to $100,000 per day.

14. Perfectus is the lawful shipper of the detained freight at issue in this action, and is the rightful party in interest in the detained goods.

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

Executed on December 27, 2016:

3