TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
POONAM G. KUMAR (Cal. Bar No. 270802)
ROGER A. HSIEH (Cal. Bar No. 294195)
GREGORY BERNSTEIN (Cal. Bar No. 299204)
Assistant United States Attorneys
Major Fraud/General Crimes Sections
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-0719
        E-mail:    poonam.kumar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-282-RGK |
|---|---|
| Plaintiff, | JOINT PROPOSED JURY INSTRUCTIONS [UNDISPUTED SET] |
| v. | |
| ZHONGTIAN LIU, aka "Liu Zhongtian," aka "Chairman," aka "Uncle Liu," aka "UL," aka "Big Boss," CHINA ZHONGWANG HOLDINGS LIMITED, aka "ZW," aka "Mother Ship," ZHAOHUA CHEN, aka "Chen Zhaohua," aka "Uncle Chen," XIANG CHUN SHAO, aka "Johnson Shao," PERFECTUS ALUMINIUM Inc., aka "Perfectus Aluminum Inc.," PERFECTUS ALUMINUM ACQUISITIONS LLC, SCUDERIA DEVELOPMENT LLC, 1001 DOUBLEDAY LLC, VON KARMAN – MAIN STREET LLC, and 10681 PRODUCTION AVENUE LLC, | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Roger A. Hsieh, Poonam G. Kumar, and Gregory D. Bernstein, and defendants Perfectus Aluminium Inc., also known as "Perfectus Aluminum Inc." and Perfectus Aluminum Acquisitions, LLC (collectively, the "Perfectus defendants"), by and through their counsel of record, Robert Ruyak; Scuderia Development, LLC; 1001 Doubleday, LLC; Von Karman-Main Street, LLC; and 10681 Production Avenue, LLC (collectively, the "Warehouse defendants"), by and through their counsel of record, Stephen Larson, Hilary Potashner, and A. Alexander Lowder (collectively, the "parties") hereby submit a set of joint proposed instructions regarding which there is no dispute. The parties respectfully reserve the right to supplement these jury instructions as needed.  The parties will supplement jury instructions regarding the forfeiture proceedings separately.

Unless otherwise noted, the parties have used the most recent version (as of August 2021) of the Jury Instructions found on the Ninth Circuit's website at: http://www3.ce9.uscourts.gov/jury-instructions/model-criminal.

Dated: 8/5/2021                    Respectfully submitted,

                                   TRACY L. WILKISON
                                   Acting United States Attorney

                                   SCOTT M. GARRINGER
                                   Assistant United States Attorney
                                   Chief, Criminal Division

                                   _____/s/_____
                                   POONAM G. KUMAR
                                   ROGER A. HSIEH
                                   GREGORY BERNSTEIN
                                   Assistant United States Attorneys

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

### INDEX OF AGREED-UPON JOINT PROPOSED JURY INSTRUCTIONS

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| **PRE-TRIAL INSTRUCTIONS** | | | | |
| 1 | | Duty of Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.1 (2010 ed.) | 1 |
| 2 | | The Charge -- Presumption of Innocence | Ninth Circuit Model Criminal Jury Instructions, No. 1.2 (2010 ed.) | 2 |
| 3 | | What is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2010 ed.) | 4 |
| 4 | | What is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2010 ed.) | 5 |
| 5 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.5 (2010 ed.) | 6 |
| 6 | | Ruling on Objections | Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2010 ed.) | 7 |
| 7 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2010 ed.) | 8 |
| 8 | | Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2010 ed.) | 9 |

i

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 9 | | No Transcript Available to Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2010 ed.) | 12 |
| 10 | | Taking Notes | Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2010 ed.) | 13 |
| 11 | | Outline of Trial | Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2010 ed.) | 14 |
| 12 | | Jury to Be Guided by English Translation/ Interpretation | Ninth Circuit Model Criminal Jury Instructions, No. 1.12 | 15 |
| 13 | | Separate Consideration For Each Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 1.13 (2010 ed.) | 16 |
| 14 | | Bench Conferences and Recesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.16 (2010 ed.) | 17 |
| **INSTRUCTIONS DURING THE PENDENCY OF TRIAL** | | | | |
| 15 | | Cautionary Instruction | Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2010 ed.) | 18 |
| 16 | | Stipulations of Fact | Ninth Circuit Model Criminal Jury Instructions, No. 2.3 (2010 ed.) | 20 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 17 | | Judicial Notice | Ninth Circuit Model Criminal Jury instructions, No. 2.4 (2010 ed.) | 21 |
| 18 | | Foreign Language Testimony | Ninth Circuit Model Criminal Jury Instructions, No. 2.9 (2010 ed.) | 22 |
| **INSTRUCTIONS AFTER THE CLOSE OF EVIDENCE** | | | | |
| 19 | | Duties of the Jury to Find Facts and Follow Law | Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2010 ed.) | 23 |
| 20 | | Charge Against Defendant Not Evidence -- Presumption of Innocence -- Burden of Proof | Ninth Circuit Model Criminal Jury Instructions, No. 3.2 (2010 ed.) | 25 |
| 22 | | What Is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 3.6 (2010 ed.) | 26 |
| 23 | | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 3.7 (2010 ed.) | 27 |
| 24 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 3.8 (2010 ed.) | 28 |
| 25 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 3.9 (2010 ed.) | 29 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 26 | | Activities Not Charged | Ninth Circuit Model Criminal Jury Instructions, No. 3.10 (2010 ed.) | 30 |
| 27 | | Separate Consideration of Multiple Counts -- Multiple Defendants | Ninth Circuit Model Criminal Jury Instructions, No. 3.13 (2010 ed.) | 31 |
| 28 | | Corporate Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 3.16 (2010 ed.) | 32 |
| 29 | | Foreign Language Testimony | Ninth Circuit Model Criminal Jury Instructions, No. 3.17 (2010 ed.) | 33 |
| 30 | | On or About -- Defined | Ninth Circuit Model Criminal Jury Instructions, No. 3.18 (2010 ed.) | 34 |
| 31 | | Approximate Amount -- Explained | O'Malley, Grenig & Lee, Fed. Jury Practice and Instr. § 13.06 (6th ed.) [Approximate Amount -- Explained] [modified for this case]; Ramsey v. United States, 245 F.2d 295, 297 (9th Cir. 1957). | 35 |
| 32 | | Other Crimes, Wrongs or Acts of Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 4.3 (2010 ed.) | 36 |

iv

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 33 | | Government's Proposed Instruction Evidence for a Limited Purpose | Ninth Circuit Model Criminal Jury Instructions, No. 2.12 (2010 2d.) (modified for specific case) | 37 |
| 34 | | Impeachment Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 4.8 (2010 ed.) | 38 |
| 35 | | Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea | Ninth Circuit Model Criminal Jury Instructions, No. 4.9 (2010 ed.) | 39 |
| 36 | | Opinion Evidence -- Expert Witness | Ninth Circuit Model Criminal Jury Instructions, No. 4.14 (2010 ed.) | 40 |
| 37 | | Charts and Summaries Not Admitted Into Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 4.16 (2010 ed.) | 41 |
| 38 | | Charts and Summaries Admitted Into Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 4.17 (2010 ed.) | 42 |
| 42 | | Conspiracy -- Knowledge and Association with Other Conspirators | Ninth Circuit Model Criminal Jury Instructions, No. 8.23 (2010 ed.) | 44 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 45 | | Wire Fraud -- Elements | Ninth Circuit Model Criminal Jury Instructions, No. 8.124 (2010 ed.) | 45 |
| 46 | | Scheme to Defraud -- Vicarious Liability | Ninth Circuit Model Criminal Jury Instructions, No. 8.122 (2010 ed.) | 47 |
| 47 | | Passing False Documents Through Customhouse -- Elements | Ninth Circuit Model Criminal Jury Instructions, No. 8.36 (2010 ed.) | 48 |
| 50 | | Knowingly -- Defined | Ninth Circuit Model Criminal Jury Instructions, No. 5.7 (2010 ed.) | 49 |
| 53 | | International Promotional Laundering -- Elements | Ninth Circuit Model Criminal Jury Instructions, No. 8.148 (2010 ed.) | 50] |
| 54 | | Aiding and Abetting | Ninth Circuit Model Criminal Jury Instructions, No. 5.1 (2010 ed.) | 51 |
| 55 | | Aiding and Abetting | Ninth Circuit Model Criminal Jury Instructions, No. 5.1A (2010 ed.; approved 9/2019) | 53 |
| 59 | | Duty to Deliberate | Ninth Circuit Model Criminal Jury Instructions, No. 7.1 (2010 ed.) | 54 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 60 | | Consideration of Evidence -- Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 7.2 (2010 ed.) | 55 |
| 61 | | Use of Notes | Ninth Circuit Model Criminal Jury Instructions, No. 7.3 (2010 ed.) | 57 |
| 62 | | Jury Consideration of Punishment | Ninth Circuit Model Criminal Jury Instructions, No. 7.4 (2010 ed.) | 58 |
| 63 | | Verdict Form | Ninth Circuit Model Criminal Jury Instructions, No. 7.5 (2010 ed.) | 59 |
| 64 | | Communication with Court | Ninth Circuit Model Criminal Jury Instructions, No. 7.6 (2010 ed.) | 60 |

COURT'S INSTRUCTION NO. 1

JOINT PROPOSED INSTRUCTION NO. 1


Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed written instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be -- that is entirely up to you.

Ninth Circuit Model Criminal Jury Instructions, No 1.1 (2010 ed.)

[Duty of Jury]

1              COURT'S INSTRUCTION NO. _____

2            JOINT PROPOSED INSTRUCTION NO. 2

3

4        This is a criminal case brought by the United States

5    government. The government charges the defendants with violating

6    Section 371 of Title 18 of the United States Code in two different

7    ways, namely, by conspiring to (1) defraud the United States,

8    specifically, U.S. Customs and Border Patrol, and (2) commit

9    offenses against the United States, specifically, wire fraud, in

10   violation of Section 1343 of Title 18 of the United States Code;

11   passing false and fraudulent papers through the customhouse, in

12   violation of Section 545 of Title 18 of the United States Code; and

13   international promotional money laundering, in violation of Section

14   1956(a)(2)(A) of Title 18 of the United States Code.  In addition to

15   the conspiracy to commit the crimes, the defendants are also charged

16   with having committed the offenses of wire fraud and passing false

17   and fraudulent papers through the customhouse.  Perfectus Aluminium,

18   Inc. and Perfectus Acquisitions, LLC are also charged with having

19   committed the offense of international promotional money

20   laundering.

21       The charges against the defendants are contained in the

22   indictment.  The indictment simply describes the charges the

23   government brings against the defendants.  The indictment is not

24   evidence and does not prove anything.

25   //

26   //

27

28

                                  2

Each defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

Ninth Circuit Model Jury Instructions, No. 1.2 (2010 ed.) [The Charge -- Presumption of Innocence] (modified to reflect indictment)

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 3


The evidence you are to consider in deciding what the facts are consists of:

    (1) the sworn testimony of any witness;

    (2) the exhibits which are received in evidence; and

    (3) any facts to which the parties agree.


Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2010 ed.)

[What Is Evidence]

4

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 4

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)   statements and arguments of the attorneys;

(2)   questions and objections of the attorneys;

(3)   testimony that I instruct you to disregard; and

(4)   anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2010 ed.)

[What Is Not Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 5


Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 1.5 (2010 ed.)
[Direct and Circumstantial Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 6


There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2010 ed.)
[Ruling On Objections]

1             COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 7

3

4      In deciding the facts in this case, you may have to decide

5  which testimony to believe and which testimony not to believe. You

6  may believe everything a witness says, or part of it, or none of it.

7      In considering the testimony of any witness, you may take into

8  account:

9      (1)  the witness's opportunity and ability to see or hear or

10 know the things testified to;

11     (2)  the witness's memory;

12     (3)  the witness's manner while testifying;

13     (4)  the witness's interest in the outcome of the case, if any;

14     (5)  the witness's bias or prejudice, if any;

15     (6)  whether other evidence contradicted the witness's

16 testimony;

17     (7)  the reasonableness of the witness's testimony in light of

18 all the evidence; and

19     (8)  any other factors that bear on believability.

20     The weight of the evidence as to a fact does not necessarily

21 depend on the number of witnesses who testify about it.

22

23

24

25

26

27 Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2010 ed.)

28 [Credibility Of Witnesses]

8

1
COURT'S INSTRUCTION NO. _____

2
JOINT PROPOSED INSTRUCTION NO. 8

3

4
I will now say a few words about your conduct as jurors.

5
First, keep an open mind throughout the trial, and do not

6
decide what the verdict should be until you and your fellow jurors

7
have completed your deliberations at the end of the case.

8
Second, because you must decide this case based only on the

9
evidence received in the case and on my instructions as to the law

10
that applies, you must not be exposed to any other information about

11
the case or to the issues it involves during the course of your jury

12
duty. Thus, until the end of the case or unless I tell you

13
otherwise:

14
Do not communicate with anyone in any way and do not let anyone

15
else communicate with you in any way about the merits of the case or

16
anything to do with it. This restriction includes discussing the

17
case in person, in writing, by phone, tablet, or computer, or any

18
other means, via email, via text messaging, or any Internet chat

19
room, blog, website or application, including but not limited to

20
Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok,

21
or any other forms of social media. This restriction also applies to

22
communicating with your fellow jurors until I give you the case for

23
deliberation, and it applies to communicating with everyone else

24
including your family members, your employer, the media or press,

25
and the people involved in the trial, although you may notify your

26
family and your employer that you have been seated as a juror in the

27
case, and how long you expect the trial to last. But, if you are

28
asked or approached in any way about your jury service or anything

about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you

will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2010 ed.) [Conduct of the Jury]

11

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 9


     At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2010 ed.)

[No Transcript Available to Jury]

12

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 10


    If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you from being attentive. When you leave court for recesses, your notes should be left in the courtroom. No one will read your notes.

    Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2010 ed.) [Taking Notes]

13

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 11

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2010 ed.)
[Outline of Trial]

14

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 12


A language other than English will be used for some evidence during this trial.  When a witness testifies in another language, the witness will do so through an official court interpreter.

The evidence you are to consider and on which you must base your decision is only the English-language translation provided through the official court translators. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official translation.

Ninth Circuit Model Criminal Jury Instructions, No. 1.12 (2010 ed.)

[Jury to Be Guided by English Translation/Interpretation]

15

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 13


     Although the defendants are being tried together, you must give separate consideration to each defendant. In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against the other defendant. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

Ninth Circuit Model Criminal Jury Instructions, No. 1.13 (2010 ed.)

[Separate Consideration For Each Defendant]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 14


During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Ninth Circuit Model Criminal Jury Instructions, No. 1.16 (2010 ed.)

[Bench Conferences and Recesses]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 15


<u>At the End of Each Day of the Case</u>:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.


<u>At the Beginning of Each Day of the Case</u>:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

(in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of

1   hands]. I see no raised hands; however, if you would prefer to talk

2   to the court privately in response to this question, please notify a

3   member of the court's staff at the next break. Thank you for your

4   careful adherence to my instructions.

27   Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2010 ed.)

28   [Cautionary Instruction]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 16


[if applicable]

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.


Ninth Circuit Model Criminal Jury Instructions, No. 2.3 (2010 ed.)

[Stipulations of Fact]

1          COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 17

3

4          I have to decided to accept the facts that [insert fact

5     noticed], even though no evidence was presented on this point.  You

6     may accept these facts as true, but you are not required to do so.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    Ninth Circuit Model Criminal Jury Instructions, No. 2.4 (2010 ed.)

28    [Judicial Notice]

21

1              COURT'S INSTRUCTION NO. _____

2            JOINT PROPOSED INSTRUCTION NO. 18

3

4       You are about to hear testimony of a witness who will be

5   testifying in the Mandarin language.  Witnesses who do not speak

6   English or are more proficient in another language testify through

7   an official court interpreter.  Although some of you may know the

8   Mandarin language, it is important that all jurors consider the same

9   evidence.  Therefore, you must accept the interpreter's translation

10  of the witness's testimony.  You must disregard any different

11  meaning.

12

13      You must not make any assumptions about a witness or party

14  based solely on the fact that an interpreter was used.

15

16

17

18

19

20

21

22

23

24

25

26

27  Ninth Circuit Model Criminal Jury Instructions, No. 2.9 (2010 ed.)

28  [Foreign Language Testimony]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 19

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions, or into anything I may have said or done, any

//

//

23

suggestion as to what verdict you should return -- that is a matter

entirely up to you.

Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2010 ed.)

[Duties of the Jury to Find Facts and Follow Law]

24

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 20

The indictment is not evidence. Each defendant has pleaded not guilty to each of the charges. Each defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 3.2 (2010 ed.)
[Charge Against Defendant Not Evidence -- Presumption of Innocence -- Burden of Proof]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 22


The evidence you are to consider in deciding what the facts are consists of:

    (1) the sworn testimony of any witness;

    (2) the exhibits received in evidence; and

    (3) any facts to which the parties have agreed.

Ninth Circuit Model Criminal Jury Instructions, No. 3.6 (2010 ed.)

[What Is Evidence]

26

1    COURT'S INSTRUCTION NO. _____

2    JOINT PROPOSED INSTRUCTION NO. 23

3

4         In reaching your verdict you may consider only the testimony

5    and exhibits received in evidence. The following things are not

6    evidence and you may not consider them in deciding what the facts

7    are:

8         1. Questions, statements, objections, and arguments by the

9    lawyers are not evidence. The lawyers are not witnesses. Although

10   you must consider a lawyer's questions to understand the answers of

11   a witness, the lawyer's questions are not evidence. Similarly, what

12   the lawyers have said in their opening statements, closing

13   arguments, and at other times is intended to help you interpret the

14   evidence, but it is not evidence. If the facts as you remember them

15   differ from the way the lawyers state them, your memory of them

16   controls.

17        2. Any testimony that I have excluded, stricken, or instructed

18   you to disregard is not evidence. [In addition, some evidence was

19   received only for a limited purpose; when I have instructed you to

20   consider certain evidence in a limited way, you must do so.]

21        3. Anything you may have seen or heard when the court was not

22   in session is not evidence. You are to decide the case solely on the

23   evidence received at the trial.

24

25

26

27   Ninth Circuit Model Criminal Jury Instructions, No. 3.7 (2010 ed.)

28   [What Is Not Evidence]

27

1          COURT'S INSTRUCTION NO. _____

2        JOINT PROPOSED INSTRUCTION NO. 24

3

4       Evidence may be direct or circumstantial. Direct evidence is

5   direct proof of a fact, such as testimony by a witness about what

6   that witness personally saw or heard or did. Circumstantial evidence

7   is indirect evidence, that is, it is proof of one or more facts from

8   which you can find another fact.

9       You are to consider both direct and circumstantial evidence.

10  Either can be used to prove any fact. The law makes no distinction

11  between the weight to be given to either direct or circumstantial

12  evidence. It is for you to decide how much weight to give to any

13  evidence.

27  Ninth Circuit Model Criminal Jury Instructions, No. 3.8 (2010 ed.)

28  [Direct and Circumstantial Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 25

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the witness's opportunity and ability to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 3.9 (2010 ed.) [Credibility of Witnesses]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 26


     You are here only to determine whether each defendant is guilty or not guilty of the charges in the indictment. The defendants are not on trial for any conduct or offenses not charged in the indictment.

Ninth Circuit Model Criminal Jury Instructions, No. 3.10 (2010 ed.)

[Activities Not Charged] [modified for multiple defendants]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 27


     A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

     All the instructions apply to each defendant and to each count unless I specify otherwise.

Ninth Circuit Model Criminal Jury Instructions, No. 3.13 (2010 ed.)

[Separate Consideration of Multiple Counts -- Multiple Defendants]

31

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 28


The fact that a defendant is a corporation or limited liability company ("LLC") should not affect your verdict. Under the law corporations and LLCs are considered persons and all persons are equal before the law. A corporation or LLC is entitled to the same fair and conscientious consideration by you as any other person.

Ninth Circuit Model Criminal Jury Instructions, No. 3.16 (2010 ed.)

[Corporate Defendant] [modified for generic reference]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 29


You have heard testimony of witnesses who testified in the Mandarin language.  Witnesses who do not speak English or are more proficient in another language testify through an official interpreter.  Although some of you may know the Mandarin language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony.  You must disregard any different meaning.


You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

Ninth Circuit Model Criminal Jury Instructions, No. 3.17 (2010 ed.) [Foreign Language Testimony] [modified for reference to Mandarin]

33

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 30


The indictment charges that the offenses alleged in Counts 1 through 24 were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in Counts 1 through 24 of the indictment, it is not necessary for the government to prove that each offense was committed precisely on the date charged.

Ninth Circuit Model Criminal Jury Instructions, No. 3.18 (2010 ed.)

[On or About -- Defined] [modified for multiple counts]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 31

The indictment alleges that approximate amounts of money were involved in the crimes charged. It is not necessary for the government to prove the exact or precise amounts of money alleged in the indictment.

O'Malley, Grenig & Lee, Fed. Jury Practice and Instr. § 13.06 (6th ed.) [Approximate Amount -- Explained] [modified for this case]; Ramsey v. United States, 245 F.2d 295, 297 (9th Cir. 1957).

1          COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 32

3     [if applicable]

4

5     You have heard evidence that a defendant committed other

6 crimes, wrongs, or acts not charged here. You may consider this

7 evidence only for its bearing, if any, on the question of the

8 defendant's intent, motive, opportunity, preparation, plan,

9 knowledge, identity, absence of mistake, or absence of accident, and

10 for no other purpose. You may not consider this evidence as evidence

11 of guilt of the crime for which the defendant is now on trial.

27 Ninth Circuit Model Criminal Jury Instructions, No. 4.3 (2010 ed.)

28 [Other Crimes, Wrongs or Acts of Defendant]

36

1          COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 33

3     [if applicable]

4     You have heard evidence during trial about a report published

5 by Dupré Analytics about China Zhongwang Holdings, Limited.   I

6 instruct you that the information related to the Dupré Analytics

7 Report is admitted only for the purpose of explaining the actions of

8 others in response to the release of the report, and, therefore, you

9 must consider it only for the limited purpose and not for any other

10 purpose.

Ninth Circuit Model Criminal Jury Instructions, No. 2.12 (2010 ed.)

[Evidence for a Limited Purpose]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 34


[if applicable]

You have heard evidence that [name of witness], a witness, [specify basis for impeachment]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

Ninth Circuit Model Criminal Jury Instructions, No. 4.8 (2010 ed.) [Impeachment Evidence]

38

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 35

[if applicable]


You have heard testimony from a witness who received a promise from the government not to use the witness's testimony or any evidence derived therefrom in a later prosecution of that witness.

You have heard testimony from a cooperating defendant who pleaded guilty to a crime arising out of the same events for which the defendants are on trial.  This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of these witnesses, you should consider the extent to which or whether the witnesses' testimony may have been influenced by this factor. In addition, you should examine the testimony of these witnesses with greater caution than that of other witnesses.

Ninth Circuit Model Criminal Jury Instructions, No. 4.9 (2010 ed.) [Testimony of Witnesses Involving Special Circumstances -- Immunity, Benefits, Accomplice, Plea] [modified for cooperating defendant and witnesses who have received derivative use immunity]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 36


You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instructions, No. 4.14 (2010 ed.)

[Opinion Evidence -- Expert Witness]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 37

[if applicable]

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 4.16 (2010 ed.)

[Charts and Summaries Not Admitted Into Evidence]

1              COURT'S INSTRUCTION NO. _____

2             JOINT PROPOSED INSTRUCTION NO. 38

3       [if applicable]

4       Certain charts and summaries have been admitted into evidence.

5  Charts and summaries are only as good as the underlying supporting

6  material. You should, therefore, give them only such weight as you

7  think the underlying material deserves.

27  Ninth Circuit Model Criminal Jury Instructions, No. 4.17(2010 ed.)

28  [Charts and Summaries Admitted Into Evidence]

42

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 42

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other defendants or other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, that the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy, with all of you agreeing on the object of the conspiracy which the conspirators agreed to commit;

Second, that the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

Third, that the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

//

//

//

//

1    It is not a defense that a person's participation in a conspiracy
2    was minor or for a short period of time.

27   Ninth Circuit Model Criminal Jury Instructions, No. 8.23 (2010 ed.)
28   [Conspiracy -- Knowledge and Association with Other Conspirators]

1

COURT'S INSTRUCTION NO. _____

2

JOINT PROPOSED INSTRUCTION NO. 45

3

4      Each defendant is charged in Counts 2 through 10 of the

5  indictment with wire fraud, in violation of Section 1343 of Title 18

6  of the United States Code. In order for a defendant to be found

7  guilty of that charge, the government must prove each of the

8  following elements beyond a reasonable doubt:

9      First, the defendant knowingly participated in, devised, or

10  intended to devise a scheme or plan to defraud, or a scheme or plan

11  for obtaining money or property by means of false or fraudulent

12  pretenses, representations, or promises, or omitted facts.

13  Deceitful statements of half-truths may constitute false or

14  fraudulent representations;

15      Second, the statements made or facts omitted as part of the

16  scheme were material; that is, they had a natural tendency to

17  influence, or were capable of influencing, a person to part with

18  money or property;

19      Third, the defendant acted with the intent to defraud, that is,

20  the intent to deceive and cheat; and

21      Fourth, the defendant used, or caused to be used, an interstate

22  or foreign wire communication to carry out or attempt to carry out

23  an essential part of the scheme.

24      In determining whether a scheme to defraud exists, you may

25  consider not only the defendant's words and statements, but also the

26  circumstances in which they are used as a whole.

27      To convict a defendant of wire fraud based on the omissions of

28  a material fact, you must find that defendant had a duty to disclose

45

the omitted fact arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate or foreign in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme.

The government is not required to prove that the scheme caused an actual loss of money or property.

Ninth Circuit Model Criminal Jury Instructions, No. 8.124 (2010 ed.) [Wire Fraud -- Elements]; United States v. Oren, 893 F.2d 1057, 1061 (9th Cir. 1990)(federal wire fraud statute does not require government to show that defendant "caused an actual loss of money or property"); United States v. Telink, Inc., 910 F.2d 598, 599-600 (9th Cir. 1990)(same for mail fraud statute).

46

1

COURT'S INSTRUCTION NO. _____

2

JOINT PROPOSED INSTRUCTION NO. 46

3

4       If you decide that the defendant was a member of a scheme to

5   defraud and that the defendant had the intent to defraud, the

6   defendant may be responsible for other co-schemers' actions during

7   the course of and in furtherance of the scheme, even if the

8   defendant did not know what they said or did.

9       For a defendant to be guilty of an offense committed by a co-

10  schemer in furtherance of the scheme, the offense must be one that

11  the defendant could reasonably foresee as a necessary and natural

12  consequence of the scheme to defraud.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  Ninth Circuit Model Criminal Jury Instructions, No. 8.122 (2010 ed.)

28  [Scheme to Defraud -- Vicarious Liability]

47

1  COURT'S INSTRUCTION NO. \_\_\_\_\_

2  JOINT PROPOSED INSTRUCTION NO. 47

3

4  The defendants are charged in Counts 11 through 17 of the

5  indictment with passing a false or fraudulent document, specifically

6  a U.S. Customs and Border Patrol ("CBP") Form 7501, through a

7  customhouse of the United States, in violation of Section 545 of

8  Title 18 of the United States Code. In order for a defendant to be

9  found guilty of that charge, the government must prove each of the

10 following elements beyond a reasonable doubt:

11 First, the defendant knowingly passed a document, specifically

12 a CBP Form 7501, through a customhouse of the United States;

13 Second, the defendant knew that the CBP Form 7501 was false or

14 fraudulent;

15 Third, the defendant acted willfully with intent to defraud the

16 United States; and

17 Fourth, the CBP Form 7501 had a natural tendency to influence,

18 or was capable of influencing, action by the United States.

19

20

21

22

23

24

25

26

27 Ninth Circuit Model Criminal Jury Instructions, No. 8.36 (2010 ed.)

28 [Passing False Documents Through Customhouse -- Elements]

48

COURT'S INSTRUCTION NO. \_\_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 50


An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Model Jury Instructions, No. 5.7 (2010 ed.) [Knowingly -- Defined]

1
2

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 53

3

4       The Perfectus defendants are charged in Counts 18 through 24 of
5   the indictment with international promotional money laundering, in
6   violation of Section 1956(a)(2)(A) of Title 18 of the United States
7   Code. In order for a defendant to be found guilty of that charge,
8   the government must prove each of the following elements beyond a
9   reasonable doubt:

10      First, the defendant transported or intended to transport money
11  to a place in the United States from or through a place outside the
12  United States; and

13      Second, the defendant acted with the intent to promote the
14  carrying on of wire fraud, in violation of Section 1343 of Title 18
15  of the United States Code, or passing false or fraudulent papers
16  through a customshouse, in violation of Section 545 of Title 18 of
17  the United States Code, with all of you agreeing to whether the
18  defendant intended to promote the carrying on if wire fraud or
19  passing false or fraudulent papers through a customshouse, or both.

20      .

21
22
23
24
25
26
27  Ninth Circuit Model Criminal Jury Instructions, No. 8.148 (2010 ed.)
28  [International Promotional Laundering -- Elements]

50

1                   COURT'S INSTRUCTION NO. _____

2              JOINT PROPOSED INSTRUCTION NO. 54

3

4       A defendant may be found guilty of a particular crime, even if

5 the defendant personally did not commit the act or acts constituting

6 the crime but aided and abetted in its commission. To "aid and abet"

7 means intentionally to help someone else commit a crime. To prove a

8 defendant guilty of committing a particular crime by aiding and

9 abetting, the government must prove each of the following beyond a

10 reasonable doubt:

11       First, someone else committed the crime;

12       Second, the defendant aided, counseled, commanded, induced or

13 procured that person with respect to at least one element of the

14 crime;

15       Third, the defendant acted with the intent to facilitate the

16 crime; and

17       Fourth, the defendant acted before the crime was completed.

18       It is not enough that the defendant merely associated with the

19 person committing the crime, or unknowingly or unintentionally did

20 things that were helpful to that person, or was present at the scene

21 of the crime. The evidence must show beyond a reasonable doubt that

22 the defendant acted with the knowledge and intention of helping that

23 person commit the crime of wire fraud, passing false and fraudulent

24 papers through the customhouse, or international promotional money.

25       A defendant acts with the intent to facilitate the crime when

26 the defendant actively participates in a criminal venture with

27 advance knowledge of the crime and having acquired that knowledge

28 when the defendant still had a realistic opportunity to withdraw

from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

Ninth Circuit Model Criminal Jury Instructions, No. 5.1 (2010 ed.)

[Aiding and Abetting] [modified for generic reference]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 55


If charged with the offense of wire fraud, passing false or fraudulent papers through customshouse, or international promotional money laundering, a defendant may be guilty even if the defendant did not personally commit the acts constituting the crime if the defendant willfully caused an act to be done that if directly performed by it would be an offense against the United States.  A defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he had committed the element itself.

Defendants Perfectus Aluminium, Inc. and Perfectus Aluminum Acquisitions LLC are charged with aiding and abetting liability in connection with the offenses of wire fraud, passing false or fraudulent papers through customshouse, and international promotional money laundering—Counts Two through Twenty-Four.  Defendants Scuderia Development LLC, 1001 Doubleday LLC, Von Karman – Main Street, LLC, and 10681 Production Avenue, LLC are charged only with aiding and abetting liability in connection with the offenses of wire fraud and passing false or fraudulent papers through customshouse—Counts Two through Seventeen.

Ninth Circuit Model Criminal Jury Instructions, No. 5.1A (2010 ed.; approved 9/2019) [Aiding and Abetting] (modified to reflect charges in the indictment)

53

1                    COURT'S INSTRUCTION NO. _____

2                JOINT PROPOSED INSTRUCTION NO. 59

3

4       When you begin your deliberations, elect one member of the jury

5  as your foreperson who will preside over the deliberations and speak

6  for you here in court. You will then discuss the case with your

7  fellow jurors to reach agreement if you can do so. Your verdict,

8  whether guilty or not guilty, must be unanimous.

9       Each of you must decide the case for yourself, but you should

10 do so only after you have considered all the evidence, discussed it

11 fully with the other jurors, and listened to the views of your

12 fellow jurors.

13      Do not be afraid to change your opinion if the discussion

14 persuades you that you should. But do not come to a decision simply

15 because other jurors think it is right.

16      It is important that you attempt to reach a unanimous verdict

17 but, of course, only if each of you can do so after having made your

18 own conscientious decision. Do not change an honest belief about the

19 weight and effect of the evidence simply to reach a verdict.

20

21

22

23

24

25

26

27 Ninth Circuit Model Criminal Jury Instructions, No. 7.1 (2010 ed.)

28 [Duty to Deliberate]

                                   54

COURT'S INSTRUCTION NO. \_\_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 60

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could

result that would require the entire trial process to start over].
If any juror is exposed to any outside information, please notify
the court immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 7.2 (2010 ed.)
[Consideration of Evidence -- Conduct of the Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 61


    Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 7.3 (2010 ed.)

[Use of Notes]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 62


The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 7.4 (2010 ed.)

[Jury Consideration of Punishment]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 63


     A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Ninth Circuit Model Criminal Jury Instructions, No. 7.5 (2010 ed.)

[Verdict Form]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 64

    If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Criminal Jury Instructions, No. 7.6 (2010 ed.) [Communication with Court]