FILED
CLERK, U.S. DISTRICT COURT

8/23/21

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ JGR _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:19-cr-00282-RGK |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JURY INSTRUCTIONS |
| | ) | |
| LIU, et al., | ) | |
| Defendants. | ) | |

COURT'S INSTRUCTION NO. ___1___

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, ~~██████████████~~ national ancestry, ~~██~~ ~~███████████~~ or economic circumstances.



You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely up to you.

1

COURT'S INSTRUCTION NO. 2

The indictment is not evidence. Each defendant has pleaded not guilty to each of the charges. Each defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

## COURT INSTRUCTION #3

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

1

COURT'S INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of:

    (1) the sworn testimony of any witness;

    (2) the exhibits received in evidence; and

    (3) any facts to which the parties have agreed.

COURT'S INSTRUCTION NO. 5

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

COURT'S INSTRUCTION NO. ___6___

    Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

    You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

COURT'S INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the witness's opportunity and ability to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

COURT'S INSTRUCTION NO. 8

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless I specify otherwise.

COURT'S INSTRUCTION NO. 9

The fact that a defendant is a corporation or limited liability company ("LLC") should not affect your verdict. Under the law corporations and LLCs are considered persons and all persons are equal before the law. A corporation or LLC is entitled to the same fair and conscientious consideration by you as any other person.

COURT'S INSTRUCTION NO. 10

The indictment charges that the offenses alleged in Counts 1 through 24 were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in Counts 1 through 24 of the indictment, it is not necessary for the government to prove that each offense was committed precisely on the date charged.

COURT'S INSTRUCTION NO. __11__

You have heard testimony from a witness who received a promise from the government not to use the witness's testimony or any evidence derived therefrom in a later prosecution of that witness.

You have heard testimony from a cooperating defendant who pleaded guilty to a crime arising out of the same events for which the defendants are on trial.  This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of these witnesses, you should consider the extent to which or whether the witnesses' testimony may have been influenced by this factor. In addition, you should examine the testimony of these witnesses with greater caution than that of other witnesses.

COURT'S INSTRUCTION NO. 12

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

 INSTRUCTION NO. 13

[if applicable]

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

18

COURT'S INSTRUCTION NO. 14

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

INSTRUCTION NO. 15

Defendants Scuderia Development LLC, 1001 Doubleday LLC, Von Karman – Main Street, LLC, 10681 Production Avenue, LLC, Perfectus Aluminum Inc. and Perfectus Aluminum Acquisitions LLC are corporations.

A corporation may be found guilty of a criminal offense.

A corporation can act only through its agents—that is, its directors, officers, employees, and other persons authorized to act for it.

To find a corporate defendant guilty you must find beyond a reasonable doubt that:

*One*, each element of the crime charged against the corporation was committed by one or more of its agents; and

*Two*, in committing those acts the agent[s] intended, at least in part, to benefit the corporation; and

*Three*, each act was within the scope of employment of the agent who committed it.

For an act to be within the scope of an agent's employment it must relate directly to the performance of the agent's general duties for the corporation. It is not necessary that the act itself have been authorized by the corporation.

//

//

6

1    If an agent was acting within the scope of his employment, the
2  fact that the agent's act was illegal, contrary to his employer's
3  instructions or against the corporation's policies will not relieve
4  the corporation of responsibility for it.

INSTRUCTION NO. 16

CORPORATIONS &LLC~

are liable for the acts taken by

the ███████ predecessor entities, i███████████████

8

INSTRUCTION #17

The defendants are charged in Count 1 of the indictment with violating Section 371 of Title 18 of the United States Code in two different ways, namely, by (1) conspiring to defraud the United States by obstructing the lawful functions of U.S. Customs and Border Protection by deceitful and dishonest means; and (2) conspiring to commit specific offenses, namely, wire fraud, customs fraud, and international promotional money laundering.  The defendants need only have violated the statute in one of these ways to be guilty of this offense.

In order for a defendant to be found guilty of a conspiracy to defraud the United States, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about July 2008, and ending on or about May 7, 2019, there was an agreement between two or more persons to defraud the United States by obstructing the lawful functions of U.S. Customs and Border Patrol by deceitful or dishonest means.

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act on or after May 7, 2014 for the purpose of carrying out the conspiracy.

An agreement to defraud is an agreement to deceive and cheat.

Cont #17

Alternatively, the indictment also alleges the defendants violated Section 371 of Title 18 of the United States Code by conspiring to commit three specific offenses, including wire fraud, passing false and fraudulent papers through customhouse, and international promotional money laundering.

In order for the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about July 2008, and ending on or about May 7, 2019, there was an agreement between two or more persons to commit at least one crime as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act on or after May 7, 2014 for the purpose of carrying out the conspiracy


A conspiracy is a kind of criminal partnership -- an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar

Conf #17

ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

11

COURT'S INSTRUCTION NO. 18

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other defendants or other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, that the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy, with all of you agreeing on the object of the conspiracy which the conspirators agreed to commit;

Second, that the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

Third, that the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

//

//

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

INSTRUCTION NO. 19

Each member of a conspiracy is responsible for the actions of the other conspirators performed during the course of and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed the crime.

Therefore, you may find the defendant guilty of a crime charged in the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, someone committed the crime;

Second, that person was a member of a conspiracy;

Third, that person performed the crime in furtherance of the conspiracy;

Fourth, that person and the defendant were members of the same conspiracy at the time that this crime was committed; and

Fifth, the crime fell within the scope of that conspiracy and could reasonably have been foreseen, by the defendant, to be a necessary or natural consequence of the conspiracy.

COURT'S INSTRUCTION NO. 20

Each defendant is charged in Counts 2 through 10 of the indictment with wire fraud, in violation of Section 1343 of Title 18 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts. Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

To convict a defendant of wire fraud based on the omissions of a material fact, you must find that defendant had a duty to disclose the omitted fact arising out of a relationship of trust. That duty

Cont #20

can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate or foreign in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme.

The government is not required to prove that the scheme caused an actual loss of money or property.

COURT'S INSTRUCTION NO. 21

If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what they said or did.

For a defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

COURT'S INSTRUCTION NO. 22

The defendants are charged in Counts 11 through 17 of the indictment with passing a false or fraudulent document, specifically a U.S. Customs and Border Patrol ("CBP") Form 7501, through a customhouse of the United States, in violation of Section 545 of Title 18 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly passed a document, specifically a CBP Form 7501, through a customhouse of the United States;

Second, the defendant knew that the CBP Form 7501 was false or fraudulent;

Third, the defendant acted willfully with intent to defraud the United States; and

Fourth, the CBP Form 7501 had a natural tendency to influence, or was capable of influencing, action by the United States.



INSTRUCTION NO. 23

instruct you that aluminum extrusions from the PRC made of series 6xxx aluminum alloy which are cut-to-length and welded together in the form of a pallet, regardless of producer or exporter, are included within the scope of the 2011 AD/CVD Orders and AD/CVD duties were required to be paid on the import of such pallets. Further, aluminum extrusions made from series 6xxx aluminum alloy and welded together in the form of a pallet do not qualify for the "finished merchandise" exclusion of the 2011 AD/CVD Orders.

 INSTRUCTION NO. 24

An intent to defraud is an intent to deceive and cheat.

COURT'S INSTRUCTION NO. 25

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

INSTRUCTION NO. 26

You may find that the defendant acted knowingly with respect to a particular circumstance if you find beyond a reasonable doubt that the defendant:

1. was aware of a high probability that the particular circumstance existed, and

2. deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that the particular circumstance did not exist, or if you find that the defendant was simply negligent, careless, or foolish.

34

INSTRUCTION NO. 27

For purposes of passing false or fraudulent papers through a customshouse, an act is done willfully if the defendant acts with a bad purpose, that is, with general knowledge that the defendant's conduct was unlawful.  The government need not prove that the defendant was aware of the specific provision of the law that rendered the defendant's conduct unlawful.

COURT'S INSTRUCTION NO. 28

The Perfectus defendants are charged in Counts 18 through 24 of the indictment with international promotional money laundering, in violation of Section 1956(a)(2)(A) of Title 18 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant transported or intended to transport money to a place in the United States from or through a place outside the United States; and

Second, the defendant acted with the intent to promote the carrying on of wire fraud, in violation of Section 1343 of Title 18 of the United States Code, or passing false or fraudulent papers through a customshouse, in violation of Section 545 of Title 18 of the United States Code, with all of you agreeing to whether the defendant intended to promote the carrying on of wire fraud or passing false or fraudulent papers through a customshouse, or both.

COURT'S INSTRUCTION NO. 29

A defendant may be found guilty of a particular crime, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of committing a particular crime by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the crime;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of the crime;

Third, the defendant acted with the intent to facilitate the crime; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime of wire fraud, passing false and fraudulent papers through the customhouse, or international promotional money.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

cont #29

1       The government is not required to prove precisely which

2   defendant actually committed the crime and which defendant aided and

3   abetted.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. 30

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

COURT'S INSTRUCTION NO. 31

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

COURT'S INSTRUCTION NO. 32

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

COURT'S INSTRUCTION NO. 33

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

COURT'S INSTRUCTION NO. 34

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.