TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ROGER A. HSIEH (Cal. Bar No. 294195)
GREGORY D. BERNSTEIN (Cal. Bar No. 299204)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0600/3183
     Facsimile: (213) 894-6269
     E-mail:    roger.hsieh@usdoj.gov
                gregory.bernstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 19-282-RGK |
| Plaintiff, | GOVERNMENT'S RULE 35 MOTION TO CORRECT SENTENCE; RULE 36 MOTION TO CORRECT CLERICAL ERROR; [PROPOSED] ORDER |
| v. | |
| ZHONGTIAN LIU, <br>   aka "Liu Zhongtian," <br>   aka "Chairman," <br>   aka "Uncle Liu," <br>   aka "UL," <br>   aka "Big Boss," <br> CHINA ZHONGWANG HOLDINGS <br>   LIMITED, <br>   aka "ZW," <br>   aka "Mother Ship," <br> ZHAOHUA CHEN, <br>   aka "Chen Zhaohua," <br>   aka "Uncle Chen," <br> XIANG CHUN SHAO, <br>   aka "Johnson Shao," <br> PERFECTUS ALUMINIUM INC., <br>   aka "Perfectus Aluminum Inc.," <br> PERFECTUS ALUMINUM <br>   ACQUISITIONS, LLC, <br> SCUDERIA DEVELOPMENT, LLC, <br> 1001 DOUBLEDAY, LLC, <br> VON KARMAN – MAIN STREET, LLC, <br>   and | |

10681 PRODUCTION AVENUE, LLC,

      Defendants.

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Roger A. Hsieh and Gregory D. Bernstein, hereby files its Motion to Correct Sentence Under Federal Rule of Criminal Procedure 35(a) and Motion to Correct Clerical Error Under Federal Rule of Criminal Procedure 36.

These Motions are based upon the attached memorandum of points and authorities, the trial and sentencing transcripts filed with the Court, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 22, 2022          Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

      /s/
ROGER A. HSIEH
GREGORY D. BERNSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Scuderia Development LLC ("Scuderia"), 1001 Doubleday LLC ("Doubleday"), Von Karman-Main Street LLC ("Main Street"), and 10681 Production Avenue LLC ("Production Avenue", together with Scuderia, Doubleday, and Main Street, the "Warehouse defendants"), own four warehouses valued at more than $1 billion, rent the warehouses to tenants, and continue to retain numerous attorneys to represent them in this criminal matter and in four related civil proceedings.  At sentencing, the Court ordered each of the Warehouse defendants, Perfectus Aluminium, Inc. ("Perfectus"), and Perfectus Aluminum Acquisitions, LLC ("Perfectus Acquisitions", together with Perfectus the "Perfectus defendants") to pay $1,836,244,745 in restitution.

<u>First</u>, Federal Rule of Criminal Procedure 35(a) permits the Court to correct a sentence <u>within 14 days</u> after sentencing –- here by April 25, 2022 -- that resulted from "arithmetical, technical, or other clear error."  The finding that each Warehouse defendant make nominal restitution payments towards each $1.83 billion restitution order because their "economic circumstances do not allow for either immediate of future payment" is a clear error given the undisputed economic circumstances of the Warehouse defendants.  The government respectfully requests that on April 25, 2022, the Court correct the sentence for the Warehouse defendants, ordering initial partial payments of the following amounts within 90 days: (1) Production Avenue - $440 million; (2) Scuderia – $210.436 million; (3) Doubleday - $147 million; and (4) Main Street $97 million.

<u>Second</u>, Federal Rule of Criminal Procedure 36 permits the Court <u>at any time</u> to correct a clerical error in a judgment.  The

judgement for each of the Perfectus defendants contains a clerical error in that it lists the restitution amount as $1,836,244,275 (Dkts. 377, 379) instead of the $1,836,244,745 announced at sentencing (Sentencing Tr., 4/11/22, at 37). The government also respectfully requests that the Court correct the clerical error in the judgement for each Perfectus defendant and list the correct restitution amount of $1,836,244,745 and that the minute entry for each Warehouse defendant also reflect that $1,836,244,745 was ordered in restitution (see Dkts. 381, 383, 385, 387).

II.   **ARGUMENT**

Clear errors at sentencing can be corrected by the Court sua sponte or on motion by a party under Rule 35. United States v. Colace, 126 F.3d 1229, 1231 (9th Cir. 1997). The PSR found that the Warehouse defendants owned four warehouses with a combined tax-assessed value of more than $160 million and there was no objection to that finding. (See, e.g., Doubleday PSR, ¶ 80.) The four warehouses also have a combined current market value of more than $1 billion. See Dkt. 358:

| Defendant | Warehouse | Valuation # 1 | Valuation # 2 |
|---|---|---|---|
| Production Avenue | Fontana Warehouse | $440 million - $495 million | $495.828 million |
| Scuderia | Riverside Warehouse | $225 million - $255 million | $210.436 million |
| Doubleday | Ontario Warehouse | $147 million - $167 million | $176.903 million |
| Main Street | Irvine Warehouse | $97 million - $110 million | $110.861 million |
| | Total | $909 million - $1.027 Billion | $994.028 million |

The PSR also found that each of the four warehouses currently has tenants and there was no objection to that finding. (See, e.g., 1001 Doubleday PSR, Dkt. 366, ¶¶ 75, 80.) Further, each of the four Warehouse defendants have retained multiple lawyers in the government's investigation into their fraudulent schemes,[1] to litigate four separate civil matters,[2] and to litigate this criminal matter through trial, motions, and appeal. With more than $1 billion in combined assets and tenants in each of the four warehouses, it was clear error to find that the Warehouse defendants' "economic circumstances do not allow for either immediate of future payment" of restitution. Instead, the Warehouse defendants' economic circumstances are such that they hold incredibly valuable assets that allow them to make substantial restitution payments now or in the near future of $1 billion or more.

First, under Rule 35, the government requests that on April 25, 2022, the Court correct the sentence for the Warehouse defendants, ordering initial partial payments of the following amounts within 90 days consistent with the low-end current valuations of the four warehouses: (1) Production Avenue - $440 million; (2) Scuderia – $210.436 million; (3) Doubleday - $147 million; and (4) Main Street $97 million.

Second, Rule 36 allows the Court to correct clerical errors in a judgment, United States v. Penna, 319 F.3d 509, 513 (9th Cir. 2003),

---

[1] The Warehouse defendants retained counsel from multiple law firms during the government's investigation into the Warehouse defendants' key role in the $1.8 billion customs fraud, wire fraud, and international money laundering scheme. (See Dkt. 52 at 3-4 (describing counsel for the Warehouse defendants who claimed they could not accept service of the indictment).)

[2] See, e.g., 17-CV-1592-DMG, Dkt. No. 14; 17-CV-1872-DMG, Dkt. No. 14; 17-CV-1873-DMG, Dkt. No. 14; 17-CV-1875- DMG, Dkt. No. 13.

3

and the government requests that the Court correct the clerical errors in the judgements for both Perfectus defendants (Dkts. 377, 379) and list the amount of restitution owed as $1,836,244,<u>745</u> which was ordered at the sentencing hearing.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that (1) on April 25, 2022, the Court correct the sentence for the Warehouse defendants under Rule 35 ordering each Warehouse defendant to make an initial partial payment within 90 days towards restitution in the amounts noted above; and (2) the Court correct the clerical error in the judgement for the Perfectus defendants under Rule 36 and list the restitution amount of $1,836,244,<u>745</u> announced at sentencing instead of the currently listed $1,836,244,<u>275</u> (Dkts. 377, 379).