UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

| Case No. | 2:19-cr-00282-RGK | Date | April 26, 2022 |
|---|---|---|---|
| Title | *United States of America v. Zhongtian Liu et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |
|---|---|

| Joseph Remigio | Not Reported | Roger Hsieh, not present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorneys* |

| U.S.A. v. Liu | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| (5) Perfectus Aluminum, Inc. | | | | Robert F. Ruyak, not present | | | X |
| (6) Perfectus Aluminum Acquisitons, LLC | | | | Robert F. Ruyak, not present | | | X |
| (7) Scuderia Development, LLC | | | | Stephen G. Larson, not present | | | X |
| (8) 1001 Doubleday, LLC | | | | Stephen G. Larson, not present | | | X |
| (9) Von-Karman-Main Street, LLC | | | | Stephen G. Larson, not present | | | X |
| (10) 10681 Production Avenue, LLC | | | | Stephen G. Larson, not present | | | X |

**Proceedings:** **(IN CHAMBERS) Order Re: Motion to Correct Sentence under Rule 35; Motion to Correct Clerical Error under Rule 36 [DE 396]**

## I.     INTRODUCTION

On May 7, 2019, the United States of America (the "Government") filed an indictment against Perfectus Aluminum, Inc. and Perfectus Aluminum Acquisitions, LLC (the "Perfectus Defendants"), as well as four other companies: Scuderia Development, LLC; 1001 Doubleday, LLC; Von Karman–Main Street, LLC; and 10681 Production Avenue, LLC (the "Warehouse Defendants"; collectively, "Defendants").[1] (*See* Indictment, ECF No. 1.) Defendants were indicted for conspiracy (count 1), wire fraud (counts 2–10), and passing a false document through a customhouse (counts 11–17). The Perfectus Defendants were also indicted for international promotional money laundering (counts 18–24). After trial, a jury found Defendants guilty of all counts. (Jury Verdict Form, ECF No. 276.)

The Court sentenced Defendants on April 11, 2022, ordering Defendants to pay $1,836,244,745 in restitution. Presently before the Court is the Government's motion to correct the sentence under Federal Rule of Criminal Procedure ("Rule") 35 ("Rule 35 Motion") and motion to correct a clerical error under Rule 36 ("Rule 36 Motion"). (*See* ECF No. 396.) For the following reasons, the Court **DENIES** the Rule 35 Motion and **GRANTS** the Rule 36 Motion.

---

[1] The indictment also charged Zhongtian Liu, Zhaohua Chen, Xiang Chun ("Johnson") Shao, and China Zhongwang Holdings Limited ("CZW"), but they have failed to make an initial appearance in this case. The Court imposed civil contempt sanctions on CZW for its failure to appear. (*See* Order re Sanctions, ECF No. 177.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 2:19-cr-00282-RGK | Date | April 26, 2022 |
|---|---|---|---|
| Title | *United States of America v. Zhongtian Liu et al.* | | |

**II.  MOTION TO CORRECT SENTENCE UNDER RULE 35**

Rule 35(a) provides, "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The Government argues that the Court committed clear error when it ordered the Warehouse Defendants to make nominal monthly payments because their "economic circumstances do not allow for either immediate or future payment of the amount ordered." (Mot. at 1.) The Government also requests that the Court order the Warehouse Defendants to make initial payments within 90 days in specified amounts.[2] (*Id.*)

The Court, however, no longer has the power to correct the sentence because more than 14 days have passed since sentencing. The "fourteen-day deadline [in Rule 35] is jurisdictional, thus divesting the district court of the power to amend the sentence after fourteen days." *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011). Although the Government filed its motion 11 days after sentencing—within the 14-day deadline—it did not file the motion early enough to allow sufficient time for the Court to rule within the 14-day period. This motion was filed on the Friday afternoon preceding the Monday deadline.

**III.  MOTION TO CORRECT CLERICAL ERROR UNDER RULE 36**

Rule 36 provides that "the court may at any time correct a clerical error in a judgment." Fed. R. Crim. P. 36. The Government has identified a clerical error on the Perfectus Defendants' judgments, (ECF Nos. 377, 379). The restitution amount on those judgments is currently listed as $1,836,244,275 when it should reflect a slightly higher amount: $1,836,244,745. That clerical error will be corrected.

**IV.  CONCLUSION**

For the foregoing reasons, the Court **DENIES** the Government's Rule 35 Motion and **GRANTS** the Government's Rule 36 Motion.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre/k |

---

[2] $210.436 million by Scuderia Development, LLC; $147 million by 1001 Doubleday, LLC; $97 million by Von Karman–Main Street, LLC; and $440 million by 10681 Production Avenue, LLC